UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIVONIA SHROPSHIRE, individually and
as Next Friend of HANNA SHROPSHIRE,
a minor,

        Plaintiff,               CIVIL ACTION NO. 06-10682

     v.                      DISTRICT JUDGE ANNA DIGGS TAYLOR

LAIDLAW TRANSIT, INC., a foreign      MAGISTRATE JUDGE VIRGINIA MORGAN
corporation,

        Defendant.
_____/

**OPINION GRANTING DEFENDANT'S MOTION FOR
QUALIFIED PROTECTIVE ORDER PURSUANT TO HIPAA**

      The matter came before the court on the motion of the defendant for a qualified

protective order under the Health Insurance Portability and Accountability Act of 1996

(HIPAA).  Defendant requests the court to permit access to plaintiff's medical providers for ex-

parte discussion as well as depositions.   This is a civil action where plaintiff sued defendant for

injuries to her and her daughter arising out of a motor vehicle accident with defendant's school

bus.  The case is before the court based on diversity and discovery has commenced.  Plaintiff

has waived her physician-patient privilege under the Michigan law and federal rules because she

seeks money damages for her injuries.  See, FRCP Rule 501.  Various discovery depositions of

the physicians have been taken and plaintiffs' health and treatment records have been provided.

- 1 -

Defendant submits that some of these depositions, such as that given by the child's pediatrician, would be helpful to its case. Since that doctor is not likely to be called by plaintiff, defendant would like to speak with that person and other medical providers.

Plaintiff objects, relying on HIPAA, 42 U.S.C. §1320 and associated regulations, 45 CFR 164.512(e). Plaintiff's counsel contends that HIPAA entitles him to notice of all meetings with physicians and permits his presence at these meetings. He also states that the HIPAA regulations provide for a qualified protective order which must include the return of all information at the end of the proceeding and inferentially prohibits off-the-record discussions. Plaintiff argues that since information obtained from oral discussions cannot be returned at the end of the proceeding, it cannot be obtained at all. Defendant contends that it only desires equal access to meet with witnesses, in the same manner available to plaintiff. Defendant agrees to use the information obtained only for the purposes of this litigation, and return all documents obtained at the close of the case.

Since the evidentiary privilege is not at issue, plaintiff's sole argument is premised upon HIPAA. HIPAA is a complex piece of legislation that covers "any information, whether oral or recorded in any form or medium that is created and received by a healthcare provider and relates the past, present or future physical or mental health or condition of an individual." 42 U.S.C. §1320d. The Act provides that it preempts state laws which are less restrictive in terms of patient privacy. 42 U.S.C. §1320d(7). HHS promulgated regulations to protect the privacy of this information. See, 45 C.F.R. §164.500 *et seq*. HHS explicitly addressed whether protected information may be disclosed during judicial proceedings. See, §164.512(e). Its rules provide

that care providers may disclose protected health information without patient consent only under certain circumstances.  A Qualified Protective Order is provided for by 45 C.F.R. § 164.512(e)(1)(v), which sets forth terms to be included in a court order or administrative tribunal or stipulation.  That regulation prohibits the parties from using or disclosing the protected health information for any purposes other than the litigation, and requires the return of documents to the covered entity or destruction of the protected health information at the end of the litigation or administrative proceeding.  Section 164.512(e)(1)(v) (A) and (B).

Few judicial opinions have been written in this emerging area.  The court has carefully considered various state law orders construing this aspect of the statute, including Judge Edmunds' opinion in <u>Croskey v. BMW of North America</u>, Case No. 02-73747, as well as <u>Bayne v. Provost</u>, 359 F.Supp.2d 234 (N.D. NY 2005), and <u>Anderson v. City of New York</u>, 2006 WL 1134117 (E.D. NY, 4/28/06).

HIPAA regulations, while important, should be read in conjunction with the substance of the Federal Rules of Civil Procedure.  The Federal Rules of Civil Procedure govern discovery in federal court.  Those rules create a "broad right of discovery" because "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth."  <u>Shoen v. Shoen</u>, 5 F.3d 1289, 1292 (9th Cir. 1993).  Rule 26(b) states in general that any matter relevant to a claim or defense is discoverable.  It specifically  provides the foundation for protective orders in federal court.  Under F.R.Civ.P. Rule 26(c), a court may limit discovery and issue a protective order "to protect a person or party from annoyance, embarrassment, oppression, or undue burden or expense."  The Supreme Court found that the trial court has

broad discretion to decide when a protective order is appropriate and what degree of protection is required.  Seattle Times Co. v. Rhinehart, 467 U.S. 20, 104 S.Ct. 2199 (1984).  A protective order may issue only "for good cause shown."  Rule 26(c).  The party who resists discovery has the burden to show discovery should not be allowed and has the burden of clarifying, explaining, and supporting its objections.  Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975); Nestle Foods v. Aetna Cas. & Sur. Co, 135 F.R.D. 101, 104 (D. NJ 1990).  Here, plaintiff resists discovery despite having waived privilege, bootstrapping her argument to HIPAA.

Defendants are willing to agree to a protective order under HIPAA and have so moved for one.  The issue before the court is narrow:  how to handle verbal conversations under the legislation. Judge Edmunds notes in her opinion that Section 164.512(e) does not explicitly mention *ex parte* interviews, and suggests, therefore, that the regulation may have been designed for documentary evidence only.  This is, indeed, persuasive.  The court in Bayne also held that such conversations could be conducted under a HIPAA protective order.

 HIPAA's regulations provide for certain language to be included in a qualified protective order.  It is difficult to conclude that the HIPAA regulations should be given any construction  inconsistent with federal discovery rules.  To do so would read out the legal standards for granting a protective order in the first instance.  Thus, HIPAA can serve as a limitation on language in a protective order, but no more.  Because the HIPAA regulations were not promulgated via any Rules Advisory Committee of the judiciary, nor given an appropriate comment period, nor adopted by the United States Supreme Court, there is no basis permitting

them to be read as substantive amendments to the procedures found in Federal Rule of Civil

Procedure Rule 26 or the Federal Rules of Evidence.

Where plaintiff has brought the action and waived her medical privilege, it seems

inconsistent to allow her to assert HIPAA privacy to prevent defense discovery of medical

conditions and treatment, which would otherwise be permitted and so long as they are used only

for the purpose of the litigation.  The principles of fundamental fairness to investigate the health

condition of a plaintiff seeking money damages for injuries mandates that it is not necessary to

give notice to plaintiff of a physician interview or contact, nor is it required that plaintiffs'

counsel be present.  The interview and any notes thereof become defense counsel's work product

and not subject to disclosure, but subject to destruction at the conclusion of the case.  To rule

otherwise would permit plaintiff to use the physician-patient privilege as both a sword and a

shield.  In an effort to accommodate the concerns of plaintiffs' counsel regarding intimidation,

the protective order shall contain additional language advising the witness that he or she need not

speak with the lawyer at all.

Thus, the court grants the motion for a qualified protective order, incorporating the

language of HIPAA, and the advice to the witness.  The accompanying order is filed this date.


                              S/ VIRGINIA M.. MORGAN
                              VIRGINIA M. MORGAN
                              UNITED STATES MAGISTRATE JUDGE


Dated:  August 1, 2006

**<u>PROOF OF SERVICE</u>**

The undersigned certifies that the foregoing Report and Recommendation was served upon counsel of record via the Court's ECF System and/or U. S. Mail on August 1, 2006.

<u>s/Kendra Byrd</u>
Case Manager to
Magistrate Judge Virginia M. Morgan
